# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | | |
|---|---|---|
| Theresa River, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| Williams & Fudge, Inc., | ) | **COMPLAINT** |
| | ) | **WITH JURY TRIAL DEMAND** |
| Defendant. | ) | |
| | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1. Plaintiff, Teresa River, is a natural person who resides in Coweta County, Georgia.

2. Defendant, Williams & Fudge, Inc., is a corporation formed under the laws of the State of South Carolina and can be served with process via its registered

1

agent, CT Corporation System, at 289 South Culver Street, Lawrenceville, GA 30046-4805.

## JURISDICTION AND VENUE

3.     This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     This Court has personal jurisdiction over Defendant because, *inter alia*, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5.     Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.     Pursuant to LR 3.1B(3), venue is proper in the Newnan Division because the conduct complained of herein occurred in Coweta County.

## FACTUAL ALLEGATIONS

7.     Plaintiff is not obligated to pay any consumer debt under collection by the Defendant to the Plaintiff's knowledge.

8.     Defendant is a collection agency specializing in the collection of

consumer debt.

9. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. On or about November 8th, 2019, Plaintiff received a telephone call from an individual identifying herself as "Amy" from Williams & Fudge, Inc.

13. The purpose of Defendant's call to the Plaintiff was to obtain the whereabouts and/or contact information of the Plaintiff's adult daughter.

14. Plaintiff informed the Defendant that she was estranged from her daughter and did not have any contact information for her whereupon the Defendant's agent attempted to verbally bully the Plaintiff and brow-beat her.

15. Defendant's agent advised the Plaintiff that she would be calling back in a few days to follow up on her line of questioning.

16. The call on November 8th was not the first time Defendant has called the Plaintiff seeking location information regarding Plaintiff's daughter. On previous calls, Plaintiff had likewise informed the Defendant that her daughter did

not reside at Plaintiff's home and that she did not have any location information regarding her adult daughter that she could provide to Williams & Fudge.

## **INJURIES-IN-FACT**

17. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

18. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

19. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

20. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

21. Accordingly, through the violation of Plaintiffs' statutorily created

rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

22. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

   a. Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

   b. Uncompensated time expended away from activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

   c. Anxiety and stress caused by Defendant's calls and threat of future similar calls.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et. seq.

23. Plaintiff incorporates by reference paragraphs 1 through 22 as though fully stated herein.

***Violations of 15 U.SC. § 1692b and subparts (Calls to third parties for location)***

24. 15 U.S.C. § 1692b(1) precludes a debt collector from advising any person other than the consumer the identity of the caller's employer. The purpose of this is not to reveal that the caller is, in fact, a debt collector.

25. Defendant's agent disclosure of her employer as Williams & Fudge, Inc. violated 15 U.S.C. § 1692b(1) as it did, in fact, alert the Plaintiff that her daughter was the subject of collection efforts.

26. 15 U.S.C. § 1692b(3) prohibits a debt collector from contacting a person more than once unless requested to do so by such person or unless the debt collector *reasonably believes* that the earlier responses from such person were erroneous or incomplete and that such person now has correct or complete location information. (emphasis added)

27. The Defendant did not have a reasonable belief that Plaintiff's responses to inquiries made prior to the November 8th call were erroneous or incomplete as required by 15 U.S.C. § 1692b(3) and its repeated calls to the Plaintiff are in violation of that provision of the Fair Debt Collections Practices Act.

*Violations of 15 U.SC. § 1692e and its subparts*

28. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection

of any debt.

29. The use of "or" in § 1692e means a representation violates the FDCPA if it is false *or* deceptive *or* misleading. *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012).

30. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive. *Id*.

31. The Defendant's threat to call the Plaintiff again "in a few days" was a threat to take action that either cannot legally be taken because the Defendant did not have a reasonable belief that the Plaintiff's knowledge would become more complete within a few days, or it was not intended to be taken. The Defendant's representation was a violation of 15 U.S.C. § 1692e(5).

## COUNT II

### VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
### O.C.G.A. § 10-1-390, *et seq*.

32. Plaintiff incorporates by reference paragraphs 1 through 31 as though fully stated herein.

33. O.C.G.A. § 10-1-390 *et seq* is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

34. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state.  O.C.G.A. § 10-1-391.

35. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

36. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

37. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

38. Defendant's conduct has implications for the consuming public in general.

39. Defendant's conduct negatively impacts the consumer marketplace.

40. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

41. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

42. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

43. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

44. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

45. Plaintiff is entitled to and hereby requests a trial by jury.

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. §§ 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. §§ 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 13th day of November, 2019.

                                  **BERRY & ASSOCIATES**

                                */s/ Matthew T. Berry*
                                Matthew T. Berry
                                Georgia Bar No.: 055663
                                *matt@mattberry.com*
                                Paul J. Sieg
                                Georgia Bar No.: 334182
                                *psieg@mattberry.com*
                                2751 Buford Highway, Suite 600
                                Atlanta, GA 30324
                                Ph. (404) 235-3334
                                Fax (404) 235-3333

                                *Plaintiff's Attorneys*